UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHARLES D. STERGIOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00501-GZS |
| | ) | 2:04-cr-00110-GZS |
| | ) | 2:15-cv-00500-GZS |
| | ) | 2:10-cr-00002-GZS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2241 PETITION

In this action, Petitioner Charles D. Stergios filed a petition, pursuant to 28 U.S.C. § 2241, in which he challenges two judgments that revoked his supervised release in two different criminal matters after he pled guilty to violating several of the conditions of release.[1] (No. 2:04-cr-00110-GZS, Petition, ECF No. 101; No. 10-cr-00002-GZS, Petition, ECF No. 206.) Petitioner argues that the criminal statutes under which he was convicted do not permit the Court to impose

---

[1] In one of the criminal cases, Petitioner was convicted in 2005 of wire fraud, mail fraud, and bank fraud, pursuant to 18 U.S.C. §§ 1343, 1341, and 1344, respectively. (No. 2:04-cr-00110-GZS, Third Amended Judgment, ECF No. 54 at 1.) The Court imposed concurrent prison terms of 75 months on each of the three counts, followed by supervised release of five years on the count for bank fraud and three years on the counts for wire fraud and mail fraud. (*Id.* at 2-3.) The three-year supervised release terms were to be served concurrently with the five-year term. (*Id.* at 3.)

In the other criminal case, Petitioner was convicted of two counts of bank fraud, pursuant to section 1344, one count of mail fraud, pursuant to section 1341, and one count of escape, pursuant to 18 U.S.C. §§ 751(a) and 4082(a). (No. 2:10-cr-00002-GZS, Judgment, ECF No. 97 at 1.) The Court imposed a prison term of 80 months on the counts for bank and mail fraud, and a concurrent term of 60 months on the count for escape, followed by supervised release of five years on the counts for bank fraud and three years on the counts for mail fraud and escape. (*Id.* at 2-3.) The three-year supervised release terms were to be served concurrently with the five-year term. (*Id.* at 3.)

The revocation judgments are docketed at No. 2:04-cr-00110-GZS (Judgment, ECF No. 95) and No. 2:10-cr-00002-GZS (Judgment, ECF No. 200). Both judgments reflect that Petitioner admitted to the following violations of the conditions of his supervised release: (1) on September 3, 2015, he associated with persons engaged in criminal activity and a felon; (2) in July 2015, he failed to report financial gain; (3) on August 26, 2015, he used or possessed an internet-capable device; and (4) on September 3, 2015, he possessed alcohol.

supervised release. (*Id.* at 1; No. 2:04-cr-00110-GZS, Supplemental Memorandum, ECF No. 102; No. 10-cr-00002-GZS, Supplemental Memorandum, ECF No. 207.) Petitioner has also filed a direct appeal from both revocation judgments, which appeals are currently pending. (No. 2:04-cr-00110-GZS, Notice of Appeal, ECF No. 97; No. 2:10-cr-00002-GZS, Notice of Appeal, ECF No. 202.)[2]

A review of the petition reveals that in substance, the petition is a 28 U.S.C. § 2255 motion. Additionally, Petitioner has not alleged the extraordinary circumstances that would permit his section 2255 motion to proceed while his appeals from the same judgments are pending. Accordingly, in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend that the Court dismiss the petition without prejudice, without requiring the Government to answer.

## DISCUSSION

Because Petitioner's sole argument in his section 2241 petition challenges the sentences imposed in the underlying criminal judgments, his argument "falls squarely within the ambit of section 2255." *Hernandez-Albino v. Haynes*, 368 F. App'x 156 (1st Cir. 2010) (unpublished) ("Despite [appellant's] attempt to characterize his most recent filing as a motion pursuant to 28 U.S.C. § 2241, rather than a motion filed pursuant to 28 U.S.C. § 2255, this court must look to the substance of the motion to determine whether it is governed by the statutory framework set out in 28 U.S.C. § 2255."). Title 28 U.S.C. § 2255(a) states in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

---

[2] The appeal from the revocation judgment docketed in this Court at No. 2:04-cr-00110-GZS is docketed in the First Circuit at No. 15-2431. The appeal from the revocation judgment docketed in this Court at No. 2:10-cr-00002-GZS is docketed in the First Circuit at No. 15-2432.

2

>the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Given that Petitioner challenges the sentence, his petition is in substance asserted pursuant to section 2255 rather than section 2241. *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (holding that "'[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of [section 2255], *is* a motion under § 2255, no matter what title'" the petitioner gives the motion) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original)).

"We have long recognized that 'in the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.'" *United States v. Weekes*, 611 F.3d 68, 71 (1st Cir. 2010) (quoting *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980)). Petitioner has presented no facts that would constitute an extraordinary circumstance in this case, and, therefore, Petitioner has failed to assert a basis for the Court to consider the petition before the entry of a final judgment.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court dismiss the petition without prejudice. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

>A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 9th day of December, 2015.